# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SMITH BROTHERS FINANCIAL, LLC : | |
| *Plaintiff*, : | |
| v. : | |
| WOODBURY FINANCIAL SERVICES, INC.; : | |
| *Defendants*. : | December 8, 2023 |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDER

### The Parties

1. Plaintiff, Smith Brothers Financial, LLC, is a Connecticut limited liability company, with its principal office located at 68 National Drive, Glastonbury, Connecticut 06033 ("Smith Brothers"). It is an SEC-registered investment advisory firm.

2. Defendant Woodbury Financial Services, Inc. is a Minnesota corporation with its principal office located at 7755 3rd Street North, Oakdale, Minnesota 55128 ("Woodbury"). It is a FINRA-registered broker-dealer and SEC-registered investment-advisory firm.

### Jurisdiction and Venue

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action involves a dispute between citizens of different states and more than $75,000.00, exclusive of interest and costs, is at stake.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Smith Brothers has its principal office in this District and because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

## Facts

5. In or around 2013, Smith Brothers formalized a business relationship with Woodbury, through which Woodbury began providing brokerage services for Smith Brothers' clients. As the sponsoring broker-dealer for Smith Brothers, Woodbury, through FINRA-registered brokers, would communicate directly with Smith Brothers' clients and service the accounts owned by these clients.

6. On or about October 17, 2022, Smith Brothers switched its sponsoring broker-dealer from Woodbury to LPL Financial, LLC ("LPL")—another FINRA-and-SEC-registered financial-services firm.

7. After this transition, those clients wishing to continue their business relationship with Smith Brothers had brokerage services provided by LPL—rather than by Woodbury (the "Smith Brothers' Clients").

## COUNT ONE – PERMANENT INJUNCTIVE RELIEF

8. Upon information and belief, since Smith Brothers transitioned from Woodbury to LPL, Woodbury has transmitted, and continues to transmit, false and misleading information to Smith Brothers' Clients. These false and misleading communications comprise:

- Notifications that Stephen Michaels, a principal of Smith Brothers, and registered person, is a "financial professional" that remains affiliated with Woodbury; and

- Solicitations for sensitive-and-confidential information, such as names, address, dates-of-birth, and portfolio compositions.

(the "False and Misleading Information"). See Ex. A, attached hereto.

9. This False and Misleading Information has caused, and continues to cause, confusion and concern among Smith Brothers' clients. Indeed, Smith Brothers learned about this False and Misleading Information from bewildered clients who sought clarification and reassurance. See Ex. B, attached hereto.

2

10. On October 3, 2023, the undersigned notified Woodbury about the False and Misleading Information and interposed demands for Woodbury to immediately: (1) cease-and-desist communications with any client of Smith Brothers; and (2) disclose all Smith Brothers' Clients to whom it has sent False and Misleading Information. See Ex. C, attached hereto.

11. On October 20, 2023, and later, on December 5, 2023, having not received a response, the undersigned followed-up with Woodbury and again sought compliance with the Demands. These efforts proved futile. Woodbury has still not provided assurances that it will stop disseminating the False and Misleading Information.

12. Unless Woodbury stops disseminating the False and Misleading Information, Smith Brothers will suffer immediate and irreparable injuries which cannot adequately be redressed by remedies available at law insofar as (a) its clients will continue to receive False and Misleading Information (and continue to experience concern and confusion), and (b) its stellar reputation and goodwill will be impaired.

13. The only adequate remedy available to redress these immediate and irreparable injuries is a mandatory and permanent injunction for Woodbury to: (a) cease-and-desist from transmitting false and misleading information to Smith Brothers' Clients; (b) cease-and-desist from soliciting any information from Smith Brothers' Clients; and (c) disclose the names of all Smith Brothers' Clients with whom it has communicated since Smith Brothers transitioned to LPL.

**COUNT TWO – TORTIOUS INTEFERENCE WITH BUSINESS RELATIONS**

1-13. Paragraphs 1-13 of Count One are incorporated herein as Paragraphs 1-13 of this Count Two.

14. Smith Brothers has contractual and/or beneficial relationships with its clients.

15. Woodbury knows about these contractual and/or beneficial relationships and has intentionally and improperly interfered with them for its own financial gain.

16. This intentional and improper interference has proximately caused financial and/or reputational injury to Smith Brothers in an amount to be determined at trial.

**COUNT THREE – VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT  (Conn. Gen. Stat. §§ 42-110b, et seq.)**

1-16. Paragraphs 1-16 of Count Two are incorporated herein by reference as Paragraphs 1-16 of this Count Three.

17. At all relevant times, Woodbury has been engaged in trade or commerce.

18. Woodbury's conduct constitutes unfair or deceptive trade practices under Conn. Gen. Stat. § 42-110b(a) of the Connecticut Unfair Trade Practices Act.

19. Plaintiff has suffered an ascertainable loss of money and/or property as direct and proximate results of the foregoing unfair or deceptive acts or practices, in an amount to be determined at trial.

WHEREFORE**,** Smith Brothers claims:

1. A temporary restraining order for Woodbury to immediately cease-and-desist from (a) transmitting false and misleading information to Smith Brothers' Clients, and (b) soliciting any information from Smith Brothers' Clients.

2. As to Count One: Permanent Injunctive Relief ordering Woodbury to immediately: (a) cease-and-desist from transmitting false and misleading information to Smith Brothers' Clients; (b) cease-and-desist from soliciting any information from Smith Brothers' Clients; and (c) disclose the names of all Smith Brothers' Clients with whom it has communicated since Smith Brothers transitioned to LPL.

3. As to Count Two: Money damages, including interest and costs.

4. As to Count Three: Statutory Attorney's fees and costs.

5. Such other relief as the Court deems appropriate.

**THE PLAINTIFF**

By: /s/ Marc J. Herman
    Stuart M. Katz, Esq.
    Federal Bar No. ct12088
    Marc J. Herman, Esq.
    Federal Bar No. ct29961
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT  06604
    Tel:  (203) 368-0211
    Fax:  (203) 337-5509
    Email: skatz@cohenandwolf.com
    Email: mherman@cohenandwolf.com

## VERIFICATION

**STATE OF CONNECTICUT** )
                                         )    ss. Glastonbury
**COUNTY OF HARTFORD** )

I, Stephen Michaels, principal of Smith Brothers Financial, LLC, am the authorized representative of Smith Brothers Financial, LLC for the purpose of verifying the foregoing Complaint. I have personal knowledge of the matters set forth in the Complaint or the information contained therein that has been collected and made available to me by counsel. I state, under penalties as provided by law under the laws of the United States, that the factual information and statements made therein are true and correct to the best of my knowledge and belief.

_____
Stephen Michaels

SUBSCRIBED AND SWORN to before me, this 8th day of December, 2023.

_____
Notary Public
My Commission Expires:

ANTHONY L. TREVISO
Notary Public, State of Connecticut
My Commission Expires April 30, 2025